UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

FRANK PRICE,                              )
                                          )
        Petitioner,                       )
                                          )
    v.                                    )    CAUSE NO. 3:12-CV-389 JD
                                          )
SUPERINTENDENT, WESTVILLE                 )
CORRECTIONAL FACILITY,                    )
                                          )
        Respondent.                       )

**OPINION AND ORDER**

Frank Price, a *pro se* prisoner, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2008 Marion County conviction for felony murder and habitual offender adjudication [DE 1]. The state argues that Price's claims are barred by the statute of limitations, and alternatively that his claims are procedurally defaulted because he has not exhausted his state court remedies as to one of the claims he presents [DE 7]. For the reasons stated below, the petition is dismissed as untimely.

I.    BACKGROUND

On July 9, 2007, "the State charged Price with felony murder, murder, and robbery, as a Class A felony" [DE 7-3 at 3]. "Following the trial, a jury found Price not guilty of murder but guilty of felony murder and robbery. The court entered judgment of conviction only on felony murder and sentenced Price to eighty-five years for felony murder and for being an habitual offender" [*Id.*]. Price appealed, raising as his only issue that the statements he made to the police after his arrest were improperly admitted and should have been suppressed, and on April 17, 2009, the Indiana Court of Appeals affirmed Price's conviction [DE 7-3]. Price sought transfer to the

Indiana Supreme Court, but the Indiana Supreme Court denied transfer on June 11, 2009 [DE 7-2 at 3].

On April 23, 2010, Price filed a *pro se* petition for post-conviction relief [DE 7-1 at 17]. On August 8, 2011, upon Price's motion to withdraw his petition, the trial court dismissed the petition without prejudice [DE 1-1 at 3, DE 7-1 at 19]. Price filed a new petition for post-conviction relief on March 12, 2012 [*Id.* at 19-20]. The second post-conviction petition is still pending, and the trial court has set an evidentiary hearing for September 5, 2013 [DE 1-1 at. 4, DE 7-1 at 20].

On July 16, 2012, Price filed a Petition for Writ of Habeas Corpus challenging his 2008 Marion County, Indiana conviction for felony murder and habitual offender adjudication [DE 1].[1] In his habeas petition, Price raises three grounds for relief: (1) that the statement he made to police officers was made in violation of his federal constitutional rights; (2) that the trial court abused its discretion when it admitted the statement into evidence; and (3) that his trial counsel was ineffective.

The Respondent argues that Price's habeas petition is untimely under the provisions of 28 U.S.C. § 2244(d)(1) and, in the alternative, that Price has not exhausted his state court remedies as to all of his issues, as required by 28 U.S.C. § 2254(b)(1)(A). If the petition is time barred, it must be dismissed with prejudice. *Ford v. Pliler*, 590 F.3d 782, 787 (9th Cir. 2009) (the district court should have explained that "because AEDPA's statute of limitations had expired" the dismissal would "actually result in a dismissal *with prejudice* unless he could establish that . . . he was entitled to equitable tolling") (emphasis in original). If Price's habeas petition is a timely mixed petition,

---

[1] The Court received the petition on July 19, 2012, but the "mailbox" rule, established in *Houston v. Lack*, 487 U.S. 266 (1988), provides that a prisoner's submission to the court is to be deemed as "filed" on the date he delivers it to prison authorities for forwarding to the court. The Petitioner declared under penalty of perjury that he placed his petition for writ of habeas corpus "in the prison mailing system on 7-16-12" [DE 1 at 10]. Accordingly, for the purposes of this memorandum, the Court deems his petition to have been filed on July 16, 2012.

containing both exhausted and unexhausted issues, then it should be either dismissed without prejudice or stayed. *Rhines v. Weber*, 544 U.S. 269, 274 (2005). The stay-and-abeyance procedure established by *Rhines*, however, "is limited to *timely* petitions." *Parmley v. Norris*, 586 F.3d 1066, 1073 (8th Cir. 2009), *cert. denied*, ___ U.S. ___, 130 S. Ct. 3522 (U.S. 2010) (emphasis in original).

If the Respondent's statute of limitations argument is correct, there is no basis to stay this petition or to dismiss it without prejudice rather than dismiss it with prejudice. Accordingly, this Court will address the Respondent's statute of limitations argument first since if the complaint is time barred, it should be dismissed with prejudice and the Court will not reach the questions of whether all of Price's claims are exhausted and if so whether the petition is a mixed petition that should be stayed or dismissed without prejudice.

## II. ANALYSIS

Pursuant to 28 U.S.C. § 2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, a petition for writ of habeas corpus seeking federal collateral relief from a state conviction must be filed within one year from the latest occurring of four events: (1) the date on which the judgment became final by the conclusion of direct review; (2) the date on which an unconstitutional impediment to appeal, created by the state, has been removed; (3) the date on which the constitutional right asserted was recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the factual predicate for the claims could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). The statute of limitations is tolled for that period during "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *Artuz v. Bennett*, 531 U.S. 4, 8-9 (2000).

A conviction is final when a judgment of conviction has been rendered, the state court appellate remedies have been exhausted, and the time for a petition for filing a petition for writ of *certiorari* to the United States Supreme Court has passed. *Griffith v. Kentucky*, 479 U.S. 314, 321 n. 6 (1987); *Powell v. Davis*, 415 F.3d 722, 726 (7th Cir. 2005). The Indiana Supreme Court denied transfer on June 11, 2009. Accordingly, the Petitioner's conviction became final on September 9, 2009, the last date upon which he could have filed a petition for *certiorari* to the United States Supreme Court. Pursuant to § 2244(d)(1)(A), the statute of limitations expired a year from that date unless the statute was tolled by a properly filed state court collateral attack on Price's conviction.

Price filed his first petition for post-conviction relief on April 23, 2010, thereby tolling the statute of limitations after 226 days had passed. On August 8, 2011, the post-conviction court, upon Price's motion, dismissed that post-conviction petition without prejudice [DE 1-1 at 3, DE 7-1 at 19]. With the dismissal of the first petition for post-conviction relief, the statute of limitations resumed running, and Price had 139 days left before the statute of limitations would expire. Price filed his second petition for post-conviction relief on March 12, 2012, 217 days after his first post-conviction petition was dismissed. By the time Price filed his second petition for post-conviction relief, he had accumulated a total of 443 days during which he did not have a properly filed state collateral attack pending. Accordingly, Price's second petition for post-conviction relief did not toll the statute of limitations because the statute of limitations had already expired by the time he filed his second petition for post-conviction relief. *See Williams v. Sims*, 390 F.3d 958, 963 (7th Cir. 2004) ("an untimely state postconviction petition does not toll the statute of limitations) (citing *Artuz v. Bennett*, 531 U.S. 4, 8 (2000); *Owens v. Boyd,* 235 F.3d 356, 357 (7th Cir. 2000); *Freeman v. Page*, 208 F.3d 572, 574 (7th Cir. 2000)). Because the statute of limitations expired before Price

filed his second petition for post-conviction relief, Price's petition for writ of habeas corpus is untimely pursuant to § 2244(d)(1)(A).

Price's petition is also untimely under the balance of the provisions of § 2244(d)(1). Price does not allege that there was any impediment to filing his second petition for state post-conviction relief, so his federal claims are barred as untimely under 28 U.S.C. § 2244(d)(1)(B). The claims in Price's petition for writ of habeas corpus are not founded nor are they alleged to be founded on new law made retroactively applicable to cases on collateral review or on facts that could not previously have been discovered with the exercise of due diligence. Accordingly, this petition is also barred as untimely under 28 U.S.C. § 2244(d)(1)(C) and (D). Because the Court concludes that Price's habeas petition is time barred under the provisions of § 2244(d)(1), it will not address the Respondent's arguments as to whether Price's petition contains unexhausted claims and if so whether the petition is a mixed petition that should be stayed or dismissed without prejudice.

III. CERTIFICATE OF APPEALABILITY

Pursuant to RULE 11 of the RULES GOVERNING SECTION 2254 CASES, the Court must either issue or deny a certificate of appealability in all cases where it enters a final order adverse to the petitioner. To obtain a certificate of appealability, a petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted). For the reasons explained above, Price's claims are time barred. The Court finds no basis to conclude that jurists of reason could debate the outcome of the petition or find a reason to encourage Price to proceed

further. Accordingly, the Court declines to issue Price a certificate of appealability.

IV.     CONCLUSION

For the reasons set forth above, the petition for writ of habeas corpus [DE 1] is DISMISSED with prejudice pursuant to 28 U.S.C. § 2244(d)(1), and the Petitioner is DENIED a certificate of appealability.

SO ORDERED.

ENTERED:  May 14, 2013

/s/ JON E. DEGUILIO
Judge
United States District Court